# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

KELVIN L. SPANN,

    Plaintiff,

v.

ROBERT BRYANT, *et al.*,

    Defendants.

Case No. 2:17-cv-01848-APG-NJK

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

[ECF No. 37]

Plaintiff Kevin Spann filed a civil rights complaint under 42 U.S.C. § 1983. I screened Spann's complaint and allowed the Eighth Amendment conditions of confinement claim to proceed against Officer Bryant, the Eighth Amendment excessive force claim to proceed against Officer Bauman, and the Fourteenth Amendment due process claim to proceed against Officer McCormack and Warden Williams. ECF No. 8. Those defendants now move for summary judgment on all of Spann's claims. ECF No. 37. Spann did not file an opposition to the motion.

**UNDISPUTED FACTS[1]**

On November 25, 2017, Spann was being transferred from Ely State Prison (ESP) to the Southern Desert Correctional Center (SDCC) with seven other inmates. An argument ensued when Spann said to Officer Bauman, "you need to get me some shoes punk ass bitch." Officer Bauman told Spann to be quiet as Officer Bauman was trying to verify the number of inmates on the transportation van. Spann continued his hostilities toward Officer Bauman, so Officer Bauman pushed Spann's face down towards the floor, grabbed him by his right arm, and placed him on the ground. Officer Bauman radioed then-Lieutenant Ronald Bryant about the situation and held Spann on the ground until other officers arrived.

When Officer Bryant arrived, Officer Bauman informed him that Spann acted hostile towards him while Office Bauman was verifying the inmates on the transportation van. Other

---

[1] These facts are taken from the defendants' motion for summary judgment and supporting exhibits. Spann has offered nothing to contradict these facts.

officers also confirmed to Officer Bryant that Spann was combative. Spann remained hostile towards the staff throughout the incident. Officer Bryant offered Spann to be seen by the medical provider but Spann refused medical attention, stating that he was not injured.

Spann received disciplinary charges as a result of the incident. Officer McCormack was the hearing officer who conducted the disciplinary hearing. According to the Summary of Disciplinary Hearing, Officer McCormack provided Spann with a description of the evidence against him (including witness statements and photographic evidence), explained the disciplinary action to be taken, and afforded Spann an opportunity to present evidence and call witnesses. Officer McCormack interviewed the inmates that Spann designated as witnesses, but the inmates declined to testify on the record regarding the incident. Spann was found guilty of two disciplinary charges. The hearing was recorded.

Warden Williams denied Spann's first level appeal of the finding of guilt. Warden Williams found that Spann disobeyed a direct order to be quiet while the officer was conducting a vehicle check and caused an unnecessary work stoppage. Warden Williams noted that Spann neither offered nor submitted any other proof to support his claims.

**LEGAL STANDARDS**

Summary judgment is governed by Federal Rule of Civil Procedure 56. I first look to the pleadings, discovery responses, and affidavits to determine if there is a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is appropriate when, "taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (quotation omitted). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing the basis for its motion and the portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. A court may not grant summary judgment solely on the basis that no response was filed. *Henry v. Gill Indus. Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). I must still consider whether

the moving party has met its initial burdens of establishing there is no issue for trial and it is entitled to judgment as a matter of law.

**ANALYSIS**

    **A. Eighth Amendment Conditions of Confinement Claim**

The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

To challenge the conditions of confinement under the Eighth Amendment, a plaintiff must meet both objective and subjective tests. *Id.* The objective test requires a showing that the deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). When determining whether the conditions of confinement meet the objective test, the court must analyze each condition to determine whether that specific condition violates the Eighth Amendment. *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). However, some "conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). When considering the conditions of confinement, a court also should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

As to the subjective test, a prisoner must establish a prison official's deliberate indifference to the unconstitutional conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The prisoner must show "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837.

Based on the evidence in the record, Officer Bryant did not violate Spann's Eighth Amendment rights. Officer Bryant did not confiscate Spann's shoes and he did not order or instruct anyone not to give Spann the shoes that were provided to him. There is no evidence that Officer Bryant was aware of a serious threat to Spann's safety or that he disregarded the risk of such a threat. Thus, Spann cannot prevail on his claim against Officer Bryant for violation of Spann's Eighth Amendment rights. Therefore, I grant summary judgment in favor of Officer Bryant on Spann's Eighth Amendment conditions of confinement claim.

### B. Eighth Amendment Excessive Force Claim

When a prison official is accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). I may consider factors such as the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Id.* at 7. Although an inmate need not suffer serious injury, the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force. *Id*. at 9-10 (recognizing that not every unnecessary or malicious push or shove violates a prisoner's constitutional rights).

Officer Bauman did not violate Spann's Eighth Amendment rights because he used reasonable, *de minumus* force in a good faith effort to maintain discipline. While awaiting transportation to a different prison, Spann began insulting Officer Bauman. Officer Bauman told Spann to be quiet as he was trying to verify the number of inmates on the transportation van. Spann continued to act hostile, so Officer Bauman physically restrained Spann until he was relieved by other officers. Based on these undisputed facts, there is no genuine dispute that Officer Bauman's was both *de minimis* and justified. *Hudson*, 503 U.S. at 9-10 (*de minimis* use of physical force is necessarily excluded from constitutional recognition. The medical report prepared by the Nevada Department of Corrections (NDOC) medical provider who examined Spann after the incident

4

supports the finding that the use of force was *de minimis*.

Officer Bauman's use of force was upheld by the Inspector General's Office (IG's Office). After Spann filed an informal grievance regarding the incident, the IG's Office reviewed that grievance. The IG's Office denied the request for investigation based on the number of witnesses, the inmate's combative behavior, video footage of the subject incident, and other evidence. The Investigation Detail Report includes reports from various NDOC staff members who either witnessed the incident or responded to it, and those reports confirm Officer Bauman's account.

Officer Bauman used *de minimis* force in a good faith effort to maintain discipline, not maliciously or sadistically to cause harm. Spann offers no evidence to the contrary. Therefore, I grant summary judgment in favor of Officer Bauman on Spann's Eighth Amendment claim for excessive force.

### C. Fourteenth Amendment Due Process Claims

#### 1. Claim Against Officer McCormack

When a prisoner faces disciplinary charges that result in atypical conditions of confinement, prison officials must provide the prisoner with procedural protections, including a description of the evidence against the prisoner, an explanation for the disciplinary action taken, and an opportunity to present documentary evidence and call witnesses unless calling witnesses would interfere with institutional security. *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974). And some evidence must support the decision by the prison disciplinary board. *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

Officer McCormack conducted the disciplinary hearing on the charges brought against Spann after the incident. According to the Summary of Disciplinary Hearing, Officer McCormack provided Spann a description of the evidence, explained the disciplinary action to be taken, and allowed him an opportunity to present evidence and call witnesses. The recording of the hearing confirms that Spann was afforded the due process required under the Fourteenth Amendment. Spann offers no evidence to the contrary. Officer McCormack did not violate Spann's Fourteenth Amendment rights. Therefore, summary judgment in favor of Officer McCormack is appropriate.

/ / / /

### 2. Claim Against Warden Williams

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.; see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Warden Williams's only involvement was reviewing and denying Spann's first level appeal of the finding of guilt at the disciplinary hearing. Warden Williams found that Spann disobeyed an order to be quiet while the officer was conducting a vehicle check and caused an unnecessary work stoppage. Warden Williams noted that Spann did not offer any other proof to support his claims. Nor has Spann offered any evidence in response to the defendants' motion for summary judgment. Because there is no evidence that Warden Williams participated in or directed the alleged constitutional violation, or that he knew of the violations and failed to prevent them, he is entitled to summary judgment on Spann's claim against him.

**CONCLUSION**

I THEREFORE ORDER that the defendants' motion for summary judgment (**ECF No. 37**) **is GRANTED**. The clerk of court shall enter judgment in favor of the defendants on all of the Spann's claims and close this file.

DATED this 2nd day of January, 2020.

_____
Andrew P. Gordon
UNITED STATES DISTRICT JUDGE